UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | No. 2:14-CR-42 |
| ) | |
| JAMARCUS LAVELLE JACKSON ) | |

MEMORANDUM OPINION AND ORDER

The defendant has filed several objections to the Presentence Investigation Report ("PSR"). This Memorandum Opinion and Order will address the defendant's objection to being classified as an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e) (2016); U.S. Sentencing Guidelines Manual § 4B1.4 (2015). Specifically, the defendant argues that the juvenile conviction listed in paragraph 26 does not qualify as a predicate offense for ACCA purposes because there was no explicit factual, judicial finding to which the defendant assented that the offense necessarily involved the use of a firearm, *See* § 924(e)(2)(B); *see also Shepard v. United States*, 544 U.S. 13, 16 (2005). This Court agrees. For the reasons that follow, the objection is SUSTAINED.

The ACCA alters the ten-year maximum term under section 922(g) and imposes a fifteen-year mandatory minimum sentence when a defendant convicted under § 922(g) has three or more prior convictions for "violent felonies" or "serious drug offenses." 18 U.S.C. § 924(e)(1). A prior felony conviction must either have an element of the "use of physical force," 18 U.S.C. § 924(e)(2)(B)(i), or else be a conviction for a crime such as "burglary, arson, or extortion," 18 U.S.C. § 924(e)(2)(B)(ii), to qualify as a violent felony under the ACCA. A

juvenile conviction can serve as a predicate violent felony under the ACCA if it involves the use or carrying of a firearm, knife, or destructive device and would be punishable for a prison term exceeding one year. 18 U.S.C. § 924(e)(2)(B); *United States v. Crowell*, 493 F.3d 744, 750 (6th Cir. 2007).

The defendant does not dispute that his two adult convictions qualify as predicate offenses under the ACCA. Instead, he argues that his 2008 juvenile conviction does not qualify as a predicate violent felony. As such, he would have fewer than three qualifying predicate offenses and the ACCA enhancement would be inapplicable.

In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court adopted the "categorical approach" for determining wither a prior conviction falls within the ACCA's sentencing-enhancing provisions. This approach "requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense" as defined by state law and not to the specific conduct and circumstances underlying the conviction. 495 U.S. at 602. If the relevant statute "has the same elements as the 'generic' ACCA crime, then the prior conviction can serve as an ACCA predicate." *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276, 2283 (2013). "The key, we emphasize[ ], is elements, not facts." *Id*.

The Supreme Court also created the "modified categorical approach" for use in cases where a divisible statute forms the basis of the defendant's conviction. *Descamps*, 133 S.Ct. at 2293. The modified categorical approach is merely a "tool for implementing the categorical approach." *Id*. at 2284. This approach permits the sentencing court "to 'go beyond the mere fact of conviction' and to determine, by using other sources, whether the defendant's prior crime was in the subset of the statutory crime" penalized by the ACCA. *Shepard*, 544 U.S. at 30 (quoting *Taylor*, 495 U.S. at 602). These sources include the charging document, the written plea

2

agreement, the transcript of plea colloquy, "and any explicit factual finding by the trial judge to which the defendant assented." *Id.*

Here, the defendant entered a best interest plea[1] to aggravated robbery under Tennessee law. This statute states:

> (a) Aggravated robbery is robbery as defined in § 39-13-401:
>
> (1) Accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon; or
>
> (2) Where the victim suffers serious bodily injury.

Tenn. Code Ann. § 39-13-402 (2016).

The typical analysis changes, however, because the defendant was convicted of aggravated robbery as a juvenile. For a juvenile conviction to qualify as a predicate felony, the conviction must have involved the use or carrying of a firearm, knife, or destructive device. 18 U.S.C. § 924(e)(2)(B). Under the categorical approach, it is unclear whether the defendant's juvenile conviction under Tennessee law involved the actual use of a firearm required to make it a predicate felony under the ACCA. The Tennessee statute is a divisible statute. Therefore, the aggravated robbery conviction requires a modified categorical analysis to determine whether the conviction necessarily involved the use or carrying of a firearm, knife, or destructive device. *Shepard*, 544 U.S. at 24.

The United States has supplied the Court with *Shephard* documents to make this determination: the petition (charging document), [Doc. 102-1], a transcript of the plea colloquy, [Doc. 102-2], and the Delinquent Adjudicatory Order, [Doc. 102-3]. The petition states:

---

[1] The defendant does not argue that this *Alford*-type plea cannot be a predicate conviction under the ACCA due to the nature of the plea. *See United States v. McMurray*, 653 F.3d 367, 381 (6th Cir. 2011) ("Convictions based on *Alford*-type pleas can be predicate convictions under the ACCA if the qualifying crime is inherent in the fact of the prior conviction—i.e., if the statute of conviction is categorically a 'violent felony.'").

3

On or about October 30, 2007 said youth did commit the offense(s) of:

Count 1: Aggravated Robbery (T.C.A. 39-13-402) – Said youth and another b/m suspect robbed a Domino's Pizza delivery driver at 160 E. Highland Road after calling in an order to be delivered there. The residence at 160 East Highland Road is vacant and for sale. According to the victim, he pulled in and was approached by one black male who said that the pizzas were going to be free. When the victim said no and gave him the total, another black male stepped out with what victim believed to be a gun in the end of his sleeve and said "No, these are going to be free." The suspects grabbed the pizzas and ran toward 149 East Highland Road, which is an apartment where Jackson lives. On 11-01-07 Jackson was developed as a suspect and the pizza boxes from the robbery were found two apartments down from his in the trash of a vacant apartment.

[Doc. 102-1, pg. 1].

The plea colloquy states:

> THE COURT: Okay, we've got that petition on aggravated robbery is that correct?
>
> FEMALE 1: It is.
>
> THE COURT: Alright, everyone to testify, if you'll stand and raise your right hand.
>
> (WHEREUPON, all parties are sworn.)
>
> FEMALE 1: Your Honor, the State has filed a motion to transfer on this matter, and in speaking with Mr. Reach, we have reached an agreement where the State would withdraw that motion to transfer. Mr. Jackson is going to plead to aggravated robbery and the disposition is going to be custody with the Department of Children's Services.
>
> MALE: Your Honor, that's our understanding on the agreement. This one matter doesn't really make that much of a difference, but Mr. Jackson, on the aggravated part of the robbery, he does not admit to the actual weapon being involved, and pleading to aggravated would be in the best interest on this matter, Your Honor.

THE COURT: Alright. It's my understanding, Mr. Jackson, then, that you are entering a best-interest plea. That is, you are stating that the State has sufficient evidence to believe to prove you and another suspect robbed a Domino's pizza-delivery driver at 150 East Highland Road after calling in an order to be delivered there. The residence at 150 East Highland Road is vacant, for sale.

That, according to the State will be able to prove that, according to the victim, he pulled in, was approached by one Black male who said, "These pizzas are gonna be free." The victim said, "No," gave him the total, and another individual stepped out with what the victim believed to be a gun at the end of his sleeve and said "No, these are going to be free."

The suspect grabbed the pizzas, headed toward 149 East Highland Road which is an apartment where he lived. That, on November the 1st, you were developed as a. Pizza boxes from the robbery were found two apartments down from your apartment, in the trash of a vacant apartment.

I understand you are entering a best-interest plea to that stating that you do believe that the State has sufficient evidence that it would be able to prove all that.

JAMARCUS JACKSON: Yes, ma'am.

THE COURT: Has anyone threatened you in exchange for your plea to this offense?

JAMARCUS JACKSON: No, ma'am.

THE COURT: Anyone promised you anything in exchange for your plea?

JAMARCUS JACKSON: No, ma'am.

THE COURT: Other than what they said here today, that they are withdrawing the motion to transfer.

JAMARCUS JACKSON: No, ma'am.

THE COURT: Alright, based upon your admission, then. And based upon the . . . . is there anything else as far as the disposition, then?

MALE: Your Honor, I ask the Court to set a permanency plan on this one, just to make sure he is not being held without being moved (inaudible) speed up the process a little bit.

5

> THE COURT: Alright. Jamarcus is placed in the custody of the Department for Children's Services. The reasonable efforts that I have are prior probation, community service work, moral combat, (inaudible) anger management, (inaudible), restorative justice. Mr. Pierce, are you aware of others?

[Doc. 102-2, pgs. 2-4].

The Delinquent Adjudicatory Order states:

> Under the proof introduced at the hearing with all necessary parties properly before the Court and the entire record, the Court finds by proof beyond a reasonable doubt that (specific findings of fact): *the youth robbed a Domino's Pizza delivery driver at 160 E. Highland Road, Johnson City, Tennessee, with what the victim believed to be a gun in the end of his sleeve on 10-30-07.*
> The Court further finds that it is contrary to the child's/youth's welfare and not in the child's/youth's best interest to remain in the care, custody, or control of his/her *parents* because *the youth's mother is not able to enforce reasonable rules of probation (offense occurred 2 hours after his curfew and involved possession of a handgun); the youth had not been in school; he had not obtained employment; he answers to no parental authority.*

[Doc. 102-3, pgs. 1-2] (italics represents hand written portions supplied by juvenile judge).

The petition and the transcript of the plea hearing indicate that the defendant pled guilty to the variant of the aggravated robbery statute which states the robbery was accomplished by the display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. The petition states that a black male "stepped out with what victim believed to be a gun." [Doc. 102-1, pg. 1]. At the plea hearing, defense counsel specifically states, "This one matter doesn't really make that much of a difference,[2] but Mr. Jackson, on the aggravated part of the robbery, he does not admit to the actual weapon being involved . . . ." [Doc. 102-2, pg. 2]. When reciting the facts to the defendant, the judge states that an "individual stepped out with

---

[2] The Court interprets this statement to mean that the result of this conviction, whether accomplished with a deadly weapon or an article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon, would be the same, i.e. a Delinquent Adjudicatory Order.

6

what the victim believed to be a gun." [Doc. 102-2, pg. 3]. These are the precise facts the judge asked the defendant to adopt, and he did so. [Doc. 102-2, pg. 3]. In so doing, the judge again mentioned this was a best-interest plea. [Doc. 102-2, pg. 3]. The judge never came to the conclusion at the hearing that an actual gun was used. The defendant never assented to the fact that an actual gun was used. Instead, the defendant specifically disavows that it was an actual gun.

The Delinquent Adjudicatory Order presents a closer question. Under the paragraph that calls for "specific findings of fact" "beyond a reasonable doubt," the judge hand wrote that the robbery was accomplished "with what the victim believed to be a gun." [Doc. 102-3, pg. 1]. This language mirrors exactly the petition and the facts the judge stated to the defendant to which he assented at the plea hearing. Nonetheless, the judge did hand write that the offense "involved possession of a handgun" in the next paragraph. However, this Court finds that this statement was not a specific or an explicit factual finding to which the defendant assented. If it had been, the judge would have included it in the portion of the order which stated it was a specific finding of fact which was proved beyond a reasonable doubt. Instead, it was included in a section of the order removing him from his mother's custody. It was a parenthetical annotation to the judge's comment that the custodial parent was unable to enforce the rules of the defendant's probation. As such, this Court cannot conclude that this was an explicit factual finding to which the defendant assented.

This Court understands that findings contained in such judicial orders, which are *Shephard* documents, may satisfy the modified categorical analysis to determine whether the conviction necessarily involved the use or carrying of a firearm, knife, or destructive device. *See Miller v. United States*, 561 Fed. App'x 485, 492-93 (6th Cir. 2014); *see also United States v.*

7

*White*, 683 F.Supp.2d 617, 622 (M.D. Tenn. 2010). However, that is not the case here where the judge took care to specify at the hearing and in the section of the judge's order which required specific factual findings that the robbery was accomplished by "what the victim believed to be a gun." *See United States v. Rosa*, 507 F.3d 142, 158-59 (2nd Cir. 2007) (holding that a judge's statement at the sentencing hearing, to which the defendant did not object, that the defendant "was not the one who wielded the gun" was not an explicit factual finding to which the defendant assented when the judge had taken care at the plea hearing to "unvaryingly" refer to the object as "what appeared to be" a gun). This Court so holds despite the somewhat inconsistent statement contained elsewhere in the judge's order. *See United State v. Gardner*, 649 F.3d 437, 445-46 (6th Cir. 2011) (holding a defendant did not assent to facts contained in a state PSR despite a judicial order stating that the defendant had a chance to contest the PSR because there were too many inconsistencies between the Order and the PSR).

As such, the defendant's objection is SUSTAINED.

ENTER:

                                                                      s/J. RONNIE GREER
                                                    UNITED STATES DISTRICT JUDGE