UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) No. 2:14-CR-42 |
| | ) |
| JAMARCUS LAVELLE JACKSON | ) |

MEMORANDUM OPINION AND ORDER

The defendant has filed several objections to the Presentence Investigation Report ("PSR"). This Court's March 2, 2016 Memorandum Opinion and Order, [Doc. 103], addressed the defendant's objection to his classification as an Armed Career Criminal pursuant to the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e) (2016); U.S. Sentencing Guidelines Manual § 4B1.4 (2015). The Court sustained this objection and a revised PSR has been filed, [Doc. 104]. Now, the Court will address several other remaining objections in turn.[1]

First, the defendant objects to the summary of the offense conduct included in paragraphs three through eight of the PSR. Specifically, he argues that the summary should have included certain testimony given during a related state preliminary hearing and information obtained by law enforcement interviews during the related investigation. This information, the defendant argues, tends to show the defendant acted in self-defense.

This information was summarized by the Probation Officer from evidence presented at trial, interviews with witnesses, and evidence presented at the related state case's preliminary hearing. This information is accurately summarized. Therefore, the objection is OVERRULED. If there is other information not summarized, then that evidence may be placed in the record at

---
[1] The paragraph numbers will refer to the first PSR for ease and clarity.

the sentencing hearing as it may relate to the defendant's second and third objections. Those two objections will be addressed at the sentencing hearing.

The defendant also objects to the two-level enhancement applied in paragraph 13 pursuant to section 2K2.1. The defendant argues that there is no evidence in the record that the defendant knew the firearm was stolen. He does not argue that the firearm was not stolen. He asserts he did not know it was stolen. Application note 8(B) states, "Knowledge or Reason to Believe.--Subsection (b)(4) applies regardless of whether the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number." U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n.8. As such, this objection is OVERRULED.

The defendant objects to paragraphs 27 and 28 of the PSR and the assessment of four criminal history points. He argues that only three points should be assessed for both offenses instead of four because these offenses occurred on the same day. Section 4A1.1 states:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
>
> (e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

2

U.S. Sentencing Guidelines Manual § 4A1.1. Note Five states, "In a case in which the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as a single sentence (see § 4A1.2(a)(2)), one point is added under § 4A1.1(e) for each such sentence that did not result in any additional points under § 4A1.1(a), (b), or (c). A total of up to 3 points may be added under § 4A1.1(e). For purposes of this guideline, "crime of violence" has the meaning given that term in § 4B1.2(a). See § 4A1.2(p)." U.S. Sentencing Guidelines Manual § 4A1.1 cmt. n.5.

Here, the conviction in paragraph 28 qualifies as a crime of violence. The defendant did not receive points under subsection (a), (b), or (c) because the sentence in paragraph 27 was treated as a single sentence. Thus, one criminal history point was assessed pursuant to subsection (e). In addition, Note Five is applied in cases where the defendant received two or more prior sentences as a result of convictions for crimes of violence that are treated as a single sentence. This guideline, however, does not prohibit the application because the offenses occurred at the same time. Thus, the four total points were correctly applied. The objection is OVERRULED.

Next, the defendant objects to the criminal history point assessed in paragraph 29 of the PSR. He argues that no points should have been assessed because the term of imprisonment was suspended to probation. However, the Judgment in that case reflects that the term of imprisonment was not suspended. Therefore, the point was appropriately applied. As such, the objection is OVERRULED.

Finally, the defendant objects to information in paragraph 44 of the PSR regarding gang activity. The defendant denies he is a member of the "Bloods gang." The Bureau of Prisons ("BOP") needs information regarding possible gang membership to determine locality placement

3

of the defendant. This information is needed for proper placement and possibly for the safety of the defendant. This information was obtained from the defendant's Department of Children's Services records. In addition, Title 18 United States Code section 3661 states that "[n]o limitation shall be placed on the information concerning background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661 (2016). Moreover, gang membership does not affect a defendant's classification in the BOP unless he is a member of one of the security threat groups monitored by the BOP, and the Bloods are not on this list. This objection is OVERRULED.

The only remaining objections are defendant's numbers two and three. These will be decided at the sentencing hearing which shall take place at 1:30 p.m. on March 23, 2016.

ENTER:

                                                                 s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE

4

Case 2:14-cr-00042-JRG-MCLC   Document 105   Filed 03/10/16   Page 4 of 4   PageID #: 1290